UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANSEL DEON-WILLARD WILLIAMS,

    Petitioner,                                        Civil Action No. 19-CV-12420

vs.                                                HON. BERNARD A. FRIEDMAN

JOSEPH BARRETT,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner seeks a writ of habeas case under 28 U.S.C. § 2254. Along with an unrelated concurrent sentence from a Washtenaw Circuit Court domestic assault conviction, petitioner is serving a sentence of five to seven and one-half years for his Jackson Circuit Court guilty plea conviction to domestic violence - third offense, in violation of Mich. Comp. Laws § 750.814. The petition raises four claims challenging this conviction and sentence: (1) the plea was involuntary because petitioner believed he would only be sentenced to one year in jail, (2) the sentencing guidelines were incorrectly scored, (3) the sentence imposed was disproportionate to the offense, and (4) sentencing should have been adjourned to allow the judge who took the plea to conduct the sentencing hearing. For the reasons stated below, the Court shall deny the petition, deny a certificate of appealability, and deny leave to proceed on appeal in forma pauperis.

**I. Background**

The charges against petitioner stem from an early-morning incident occurring on August 2, 2017, in a Jackson, Michigan, residence during which petitioner allegedly strangled

his former girlfriend and threw her against a wall. Petitioner was charged with domestic violence - third offense, violating the terms of his probation for a Washtenaw County domestic violence conviction, and being a fourth-time habitual felony offender. ECF No. 12-1, at 1.

Petitioner accepted a plea agreement. At the plea hearing, the prosecutor read the charges and indicated that under the reduced charge petitioner faced a maximum sentence of seven and one-half years in prison. ECF No. 12-3, at 3-5. Petitioner, who was placed under oath, indicated his understanding of these terms. *Id*. at 5. Petitioner affirmed that he had spent enough time in consultation with his attorney regarding the case. *Id*. The trial court indicated that the plea agreement called for petitioner to plead guilty to the charges, and in return the prosecutor would reduce the habitual felony offender charge from fourth-offense to second-offense; petitioner indicated his acceptance. *Id.*

Other than the terms placed on the record, petitioner denied that any other promises were made to him to induce his guilty plea. *Id*. at 5-6. Petitioner also denied the existence of threats. *Id*. at 6. He agreed that he was entering his guilty plea freely, understandingly, and voluntarily. *Id*.

The court asked Petitioner whether he had any questions regarding the plea, and petitioner indicated that he did not. *Id*. Petitioner did inform the court, however, that he had not been to prison in over ten years, and he expressed his desire to send a letter to the Court prior to sentencing. *Id*. at 6-7. The court reiterated that the maximum sentence that petitioner faced was seven and one-half years in prison. *Id*. at 7. Petitioner again indicated his understanding. *Id*. at 8.

The court also informed petitioner that his guilty plea would impact his probation

2

term for his Washtenaw County domestic assault conviction, and petitioner asked and was assured that any sentence imposed in this case would run concurrently with the sentence imposed for the probation violation. *Id*. at 8. The court then informed petitioner of the trial and appellate rights he was waiving by entering his guilty plea. *Id*. at 8-9. Petitioner indicated his understanding. *Id*. Petitioner then agreed to give up any claim that his plea was the result of any promises not indicated on the record. *Id*. at 9. Petitioner testified to a factual basis for the plea. *Id*. at 10. The court found that petitioner's plea was understanding and voluntarily. *Id*. at 13. The court reiterated that it had not made any sentence agreement. *Id.*

Prior to sentencing, petitioner filed a motion to withdraw his plea. ECF No. 12-8. Petitioner claimed that at the time of the plea he believed that he faced only a one-year jail sentence. *Id*. at 4. The trial court denied the motion, in part, because no promise or representation of a one-year jail sentence was made at the plea hearing.

The trial judge was ill at the time of sentencing, so another judge was appointed to conduct the sentencing hearing. ECF No. 12-9, at 4. Petitioner objected to having a different judge impose sentence, but that objection was denied. *Id*. The victim stated at the plea hearing that she had exaggerated her allegations, and that petitioner should not go to prison. The trial court accepted the version of events contained in the report that indicated that petitioner had previously broken the victim's nose, arm, and finger; that she had personal protection orders against him; that one beating by petitioner resulted in surgery to remove an earring from her head; that petitioner was manipulative; that petitioner never takes responsibility for his actions; and that the victim said she would never go back to him. After resolving challenges to the sentencing guidelines, the court imposed a sentence of five to seven and one-half years in prison,

3

the maximum term allowed under the plea agreement. *Id*. at 28.

Petitioner thereafter filed an application for leave to appeal in the Michigan Court of Appeals, raising the same claims he now raises in the instant petition. The Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented." *People v. Williams*, No. 346619 (Mich. Ct. App. Jan. 22, 2019). Petitioner appealed this order, but the Michigan Supreme Court also denied leave to appeal. *People v. Williams*, 924 N.W.2d 245 (Mich. 2019) (Table).

## II. Standard of Review

Under 28 U.S.C. § 2254(d), a habeas petitioner must generally demonstrate that the state court adjudication was "contrary to" or "involved an unreasonable application of" clearly established Supreme Court law. A decision is contrary to clearly established Supreme Court law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An unreasonable application occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. Under this standard, a federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

**III. Analysis**

**A. Plea Withdrawal**

Petitioner first claims that he should have been permitted to withdraw his guilty plea because he was informed prior to the plea hearing that he would be sentenced to one year in jail. This claim was reasonably rejected by the state courts because no such promise appears in the plea transcript.

Due process requires that a plea of guilty must be knowingly and voluntarily made. The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Corr. Inst.*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must be informed of the maximum sentence that can be imposed. *See King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a defendant brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden of demonstrating that the plea was made voluntarily by producing a transcript of the state court proceedings. *See Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. *Id.*

"[A]bsent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists of the terms revealed in open court." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). "Furthermore, a plea bargain itself is contractual in nature and subject to contract-law standards. To allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law standards." *Id*. (internal quotation marks and citations omitted).

5

In the present case, the only agreement stated on the record was the prosecutor's agreement to reduce the habitual offender charge. Petitioner asserts that he understood prior to the plea hearing that he faced only a one-year jail term, but he has failed to assert an extraordinary circumstance or other valid explanation for his failure to reveal that understanding at the plea hearing. Petitioner has therefore failed to show that he had any reasonable belief that he would be sentenced to a one-year jail term so as to entitle him to withdraw his plea. *See Wright v. Lafler*, 247 F. App'x 701, 705-08 (6th Cir. 2007). This claim is without merit.

### B. Sentencing Guidelines

Petitioner's second claim is that the trial court incorrectly scored the offense variables to the advisory sentencing guidelines. Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief).

No Sixth Amendment issue was implicated by the scoring of the guidelines because petitioner was sentenced under the post-*People v. Lockridge*, 498 Mich. 358 (2015), non-mandatory version of the sentencing guidelines. *See Clarmont v. Chapman*, No. 19-13226, 2019 WL 6683852, at *4 (E.D. Mich. Dec. 6, 2019). This claim is without merit.

### C. Proportionality of Sentence

Petitioner's third claim is that his sentence is disproportionate to the severity of his offense. There is no constitutional requirement, however, for strict proportionality between a

crime and its punishment. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). *See also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in extraordinary cases). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute cruel and unusual punishment." *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Petitioner's sentence of five to seven and one-half years fell within the statutory maximum, and it is not grossly disproportionate to the crime of committing a third offense of domestic assault. This claim is without merit.

**D. Sentencing Before Different Judge**

Finally, petitioner claims that the sentencing judge erred in denying his motion to adjourn the sentencing until the judge who presided over his guilty plea hearing recovered from his illness. Petitioner had no federal constitutional right to be sentenced by the same judge who accepted his guilty plea. *See Winter v. United States*, 928 F.2d 1134 (6th Cir. 1991*); United States v. McCallie*, 554 F.2d 770 (6th Cir. 1977). This claim has no merit.

**IV. Certificate of Appealability**

In order to appeal the Court's decision, petitioner must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(2). "To obtain a COA under § 2253(c), a habeas prisoner must . . . [show] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability

7

when it issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). In the present case, jurists of reason would not debate the Court's conclusion that petitioner has failed to demonstrate entitlement to habeas relief because all his claims have no merit. Therefore, a certificate of appealability is denied.

Further, petitioner is denied permission to proceed on appeal in forma pauperis because any appeal would be frivolous. *See* 28 U.S.C. § 1915(a)(3).

**V. Conclusion**

For the reason stated above,

IT IS ORDERED that the petition in this matter is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: May 12, 2020　　　　　Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 12, 2020.

| | |
|---|---|
| Mansel Deon-Willard Williams# 212190 | s/Johnetta M. Curry-Williams |
| Cooper Street Correctional Facility | Case Manager |
| 3100 Cooper Street | |
| Jackson, MI 49201 | |